IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| D.O.J., A MINOR BY DARWIN E. JONES, I, AND O.S.M., A MINOR BY OMAR SHANTEZ MIMS, SR., <br>     Plaintiffs, <br><br> vs. <br><br> UNION PACIFIC RAILROAD COMPANY, KANSAS CITY SOUTHERN RAILWAY COMPANY, WESTERN-CULLEN HAYES, INC., and NATIONAL RAILROAD PASSENGER CORPORATION, <br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    CIVIL NO. 12-258-GPM |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

The matter before the Court is Plaintiffs' motion to remand to state court (Doc. 5). On June 25, 2012, the Court entertained oral argument on the motion to remand (See Doc. 21). After considering each party's papers, the oral arguments of counsel, and the additional documents submitted by Plaintiffs, the Court concludes this matter is due to be remanded to state court.

This case presents an unusual set of facts. On March 20, 2012, Plaintiffs filed suit in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois against the following Defendants: Union Pacific Railroad Company, The Kansas City Southern Railway Company, Western-Cullen Hayes, Inc., and National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak") (*See* Doc. 2, Ex. A). On March 23, 2012, Plaintiffs filed a motion to amend their complaint in Madison County (*See* Doc. 21, Ex. 8). The motion was granted and Plaintiffs filed an amended complaint that day (Doc. 5, Ex. B). The critical change in Plaintiffs' amended complaint is that Amtrak was removed from the complaint and thus no longer named as a

Defendant in the case (Doc 5, Ex. B).

That same date, March 23, 2012, Amtrak opened a case and filed a notice of removal here in the United Stated District Court for the Southern District of Illinois (*See* Docs. 1-2).  The basis for Amtrak's attempted removal was that Amtrak was incorporated by an Act of Congress and the United States owns more than one-half of Amtrak's capital stock (Doc. 2).  Accordingly, Amtrak claimed removal was proper pursuant to 28 U.S.C. §§ 1331 and 1349 (Doc. 2).

Since both Plaintiffs' amended complaint and Amtrak's notice of removal were filed on the same day, the *time* of each filing is the critical issue here.  Neither party disputes the law in this case.  If Plaintiffs filed the amended complaint in Madison County first, then Amtrak was no longer a party to the case at the time Amtrak tried to remove the case.  If, however, Amtrak removed the case first, then Plaintiffs' amended complaint was filed in a court with no jurisdiction and thus has no legal effect.

Amtrak opened a case here in the Southern District of Illinois at 11:25 a.m. on March 23, 2012 (Doc. 1).  Although the notice of removal was filed at 11:36 a.m.(Doc. 2), the Court considers removal complete when Amtrak opened the case at 11:25 a.m.

Unfortunately, Madison County does not allow its filings to be tracked with such precision.  The order giving Plaintiffs leave to file the amended complaint and the amended complaint indicate the date of filing, which is March 23, 2012, but *not* the time of filing  (See Doc. 5, Ex. B, Doc. 21, Ex. 3).  The best evidence available to the Court of the time when Plaintiffs filed the amended complaint comes from Plaintiffs' internal document management system.

This evidence tells the Court Plaintiff did file the amended complaint in Madison County before Amtrak accomplished removal. It is difficult to know the exact time Plaintiffs filed the amended complaint. It is clear though that Plaintiffs filed the order giving leave to file an amended complaint and the amended complaint at the same time (*See* Doc 25, Ex. 3). Plaintiffs then traveled back to Plaintiffs' office and scanned these documents into their internal system (*See* Doc. 25, Ex. 1). The order giving Plaintiffs leave to file an amended complaint was scanned by 11:28 a.m (*See* Doc. 21, Ex. 3). It is simply not possible for Plaintiffs to have filed these documents, traveled back to their office, and then scanned the documents into their internal document system in three minutes or less. Therefore, Plaintiffs filed the amended complaint in Madison County prior to 11:25 a.m. Amtrak was no longer a party to the case at the time Amtrak attempted to remove this matter.

The "proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence." Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006). Here, the proponent of federal jurisdiction, Amtrak, cannot carry this burden. Indeed, the evidence is clear Plaintiffs filed their amended complaint in Madison County before Amtrak completed its removal. This case is remanded to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. The pending motion to strike (Doc. 20) filed by Defendant Western-Cullen Hayes, Inc., is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

DATED: July 9, 2012

                                             /s/ *G. Patrick Murphy*
                                             G. PATRICK MURPHY
                                             United States District Judge